# EXHIBIT A

1  Brian P. Worthington, Esq. (Bar No. 179590)
   WORTHINGTON LAW
2  402 W. Broadway, Suite 400
   San Diego, California  92101
3  Telephone (619) 630-0096; Fax (619) 630-0096
   Email: brian@worthington-law.com
4
   Attorneys for Plaintiff
5  NORMAN SCOTT ALLEN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**03/01/2021** at 02:58:06 PM

Clerk of the Superior Court
By Erika Engel,Deputy Clerk

6

7

8                    **SUPERIOR COURT OF CALIFORNIA**

9                      **COUNTY OF SAN DIEGO**

10  NORMAN SCOTT ALLEN, an individual,          CASE NO.  37-2021-00008783-CU-IC-CTL

11                    Plaintiff,                **COMPLAINT FOR:**

12       vs.                                    **1. DECLARATORY RELIEF**
                                                **2  BREACH OF CONTRACT; AND**
13  GOVERNMENT EMPLOYEES INSURANCE              **3. BREACH OF THE COVENANT OF**
    COMPANY, a Maryland corporation; and DOES       **GOOD FAITH AND FAIR DEALING**
14  1-20, inclusive,

15                    Defendants.

16

17

18       COMES NOW, Plaintiff NORMAN SCOTT ALLEN(hereinafter "Allen" or "Plaintiff"),

19  by and through his counsel of record, and complains as follows:

20                          **THE PARTIES**

21       1.    Allen is an individual who resides and who at all times pertinent to this Complaint

22  resided in San Diego County, California.

23       2.    Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY

24  (hereinafter "GEICO" or as part of the collective "Defendants") is incorporated under the laws of

25  the State of Maryland, and is authorized to do business as an insurance company and is regularly

26  doing business as an insurance company in the State of California.

27       3.    Plaintiff does not know the true names and capacities, whether individual,

28  corporate, associate, or otherwise, of Defendants DOES 1 through 10, inclusive, and therefore sues

                                    - 1 -
                                  COMPLAINT

1   said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges

2   that each of these DOE Defendants was intentionally, negligently, or in some other manner the

3   cause of, or a contributing cause of, or was otherwise responsible for the events and happenings

4   alleged in this Complaint and for Plaintiff's injuries and damages.  Plaintiff will amend this

5   Complaint to allege the true names and capacities of each such DOE Defendant, together with

6   such additional allegations as may be appropriate, when its name, capacity, and nature of

7   involvement have been ascertained.

8           4.      Plaintiff is informed and believes and thereon alleges that, at all relevant times,

9   each Defendant was the agent and employee of each of the remaining Defendants and acted within

10  the purpose and scope of said agency and employment, and each Defendant ratified and approved

11  the acts of his agent and employee.

12          5.      Venue is proper in this Court because the contract that is the subject of part of this

13  action was to be performed, in whole or in part, in the County of San Diego, State of California,

14  and/or because the damages that are the subject of this action occurred, in whole or in part, in the

15  County of San Diego, State of California.

16                          **GENERAL ALLEGATIONS**

17  A.      **The GEICO Policy**

18          6.      On October 6, 2018, in exchange for premiums paid to it, GEICO issued an auto

19  insurance policy, policy number 9100172540, with the named insured identified as John Williams

20  (hereinafter "the Policy").  Among other coverages, the Policy provides Uninsured Motorist

21  ("UM") coverage and Underinsured Motorist ("UIM") coverage, with limits for the UM and UIM

22  coverages of $100,000 per person.  The terms of the policy provide UM and UIM coverage in

23  accordance with the provisions and requirements of California Insurance Code section 11580.2.

24          7.      The "Scheduled Vehicle" on the Policy is a 2016 Toyota Corolla ("the Corolla").

25  The Declarations page of the Policy contains a section labeled "ACTIVE DRIVERS," and the

26  names listed in that section are "John Williams, Norman Allen, Jan Miller."  Plaintiff is the

27  "Norman Allen" identified and listed in that section.

28

1       8.     John Williams ("Williams") purchased the Corolla for his sister, Jan Miller

2  ("Miller") in 2017.  When the car was first purchased, Williams added it to the Policy and also

3  added Miller as an insured under the Policy.  Later, the Policy was converted to a special policy

4  that would allow Miller to use the car as she drove for Uber.  Both Miller and Williams

5  participated in the phone call that converted the Policy as such, but Miller did most of the talking.

6  At that time, Miller lived with Allen and was Allen's fiancé.  (Miller and Allen were subsequently

7  married in December 2018.)

8       9.     In the summer of 2018, Allen started to use the Corolla because he was having car

9  trouble with his own car.  Miller called GEICO in August 2018 and requested that Allen be added

10  as an insured on the Policy.  At no time during the call with the GEICO representative did the

11  GEICO representative state that Allen would not be an actual insured on the Policy.

12  **B.**     **The Incident and Allen's Injuries**

13       10.     On October 15, 2018, Allen was driving his vehicle on Home Avenue in San

14  Diego, California, when he saw a woman drop her bag in the center median of the roadway.  Allen

15  parked his vehicle and exited so he could retrieve the bag for the woman.  On the median, Allen

16  picked up the bag, and as he started to go back to the sidewalk, he dropped the bag.  Allen picked

17  the bag up and started toward the sidewalk.  He recalls checking for vehicles on Home Avenue

18  and saw no vehicles approaching him.  While he was in the roadway walking toward the sidewalk,

19  a car "came out of nowhere" at a very high rate of speed, and struck Allen.  (This shall hereinafter

20  be referred to as "the incident.")

21       8.     The vehicle that struck Allen was driven by Lauro Martinez.  Martinez admitted

22  that he saw Allen in the road and did not slow down until it was too late.  Martinez did not slow

23  down when he first saw Allen.  Instead, Martinez assumed that Allen would get out of the road in

24  time, and continued forward without slowing.  Martinez only slowed down when he realized that

25  Allen was still in the road, and by then it was too late.  Martinez failed to exercise reasonable care

26  in the operations of his vehicle, and Martinez's negligence in this regard was the direct and

27  proximate cause of Allen's injuries and damages.

28  ///

**Exhibit A**
**Page 3 of 8**

1    9.    Allen was severely injured as a result of this incident, with injuries to his back,

2  elbow, wrist, and hand.  The medical bills Allen incurred for treatment of his physical injuries

3  from the incident total at least $87,161.15.  Allen also suffered non-economic damages in the form

4  of, among other possible things, paid and suffering, with a value well exceeding $100,000.

5    9.    At the time of this incident, Martinez was insured under an auto liability policy

6  ("the Martinez policy") issued to him by Anchor General Insurance Company ("Anchor").  The

7  Martinez policy had liability coverage limits of $15,000 per person.

8    10.    In or about March 2019, Anchor agreed to pay Allen the full $15,000 policy limits

9  in settlement of Martinez's potential liability for Allen's damages from the incident, in exchange

10  for Allen's full release of Martinez for any claims against Martinez arising from the incident.  On

11  April 3, 2019, Anchor issued a check made payable to Allen his attorneys for the full $15,000

12  policy limits.

13    11.    Thereafter, Allen submitted a claim to GEICO for UIM benefits under the Policy.

14    12.    GEICO rejected and denied Allen's UIM claim, contending that for purposes of the

15  incident in which he was injured, Allen is not an insured under the Policy.

16    13.    GEICO's denial and rejection of Allen's UIM claim is wrongful and improper

17  under the terms of the Policy and under California law.

18    14.    GEICO has wrongfully refused, and continues to wrongfully refuse, to provide

19  Allen with any UIM benefits under the Policy on the grounds that Allen is not an insured under

20  the Policy and is thus not entitled to UIM benefits.  GEICO has refused and continues to refuse to

21  participate in any arbitration through which the extent of Martinez's liability, and through which

22  the extent and value of Allen's injuries and damages from the incident, would be determined.

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF

### (As to All Defendants)

26    15.    Plaintiff hereby incorporates paragraphs 1 through 14, above, as though set forth in

27  full herein.

28  ///

16.     An actual, present controversy exists between the parties in that: 1) Allen contends that he is an insured under the Policy for purposes of the incident, and is therefore entitled under the Policy and Insurance Code section 11580.2 to binding arbitration with Defendants to determine whether Allen is entitled to recover against Martinez as an underinsured motorist and if so, the amount of Allen's damages; 2) GEICO contends that Allen is not an insured under the Policy for purposes of the incident.

17.     Allen seeks a judicial determination of the rights and obligations of the parties, and specifically that Allen is an insured under the Policy for purposes of the incident and that Allen is entitled to a binding UIM arbitration.  Under California law, a court, and not an arbitrator, is to determine if a UM or UIM claimant is an insured under the auto policy at issue.  (*Bouton v. USAA Cas. Ins. Co.* (2008) 43 Cal.4th 1190, 1201.)

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

## (As to All Defendants)

18.     Plaintiff hereby incorporates paragraphs 1 through 17, above, as though set forth in full herein.

19.     Allen is an insured under and thus a party to a valid contract with Defendants in the form of the Policy.

20.     Defendants have breached that contract in that they have wrongfully denied UIM coverage to Allen, have wrongfully refused to provide UIM benefits to Allen, and have wrongfully refused to agree to participate in a binding UIM arbitration pursuant to the terms of the Policy and the provisions and requirements of Insurance Code section 11580.2.

21.     Alternatively, if it is determined that Allen is not an insured under the express terms of the Policy, then Defendants should be estopped from contending that Allen is not an insured.  Miller contacted Defendants on Allen's behalf and specifically asked that Allen be added as an insured on the Policy.  Defendants' authorized representative assured Miller that Allen was being added as an insured on the Policy.  Miller and Allen therefore had a reasonable belief, based on the conduct, statements, and representations of Defendants, that Allen was an insured under the

1   Policy for purposes of a UIM claim such as this one, and Miller and Allen relied to Allen's
2   detriment on this conduct and these statements and representations in that Allen did not take
3   further steps to ensure he was an insured under the Policy and did not take steps to acquire his own
4   insurance policy under which he would be insured for a UIM claim such as the one stemming
5   from the incident.
6          22.    Allen has fully performed his obligations under the Policy, and Defendants'
7   performance under the Policy was not excused.
8          23.    As a direct and proximate result of Defendants' breach of the Policy, Allen has
9   been damaged in that, among other things, he has been denied the UIM benefits to which he is
10  entitled under the Policy, and has suffered consequential, economic loss from Defendants' breach
11  and the resulting delay in proceeding to a binding UIM arbitration and resulting delay in payment
12  of UIM benefits to which Allen is entitled under the Policy.   Allen has been damaged by
13  Defendants' breach in an amount according to proof at trial, but in an amount equal to at least
14  $85,000.

**THIRD CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

**(As to All Defendants)**

18         24.    Plaintiff hereby incorporates paragraphs 1 through 23, above, as though set forth in
19  full herein.
20         25.    Allen is a part to a valid contract with Defendants in the form of the Policy.
21         26.    Allen suffered a loss from the incident and as a result is entitled to UIM benefits
22  under the Policy, and is entitled to a binding UIM arbitration to determine Martinez's liability for
23  the incident and the amount of Allen's damages from the incident.  Defendants were properly
24  notified of the loss and of Allen's claim for UIM benefits.
25         27.    Like all contracts, the Policy contains an implied covenant of good faith and fair
26  dealing providing that no party to the contract will do anything that would deprive another party of
27  the benefits of the contract.
28

- 6 -
COMPLAINT

28.      Defendants breached this covenant of good faith and fair dealing in that, among other things, Defendants acted unreasonably in concluding that Allen is not an insured under the Policy for purposes of the incident and is not entitled to UIM benefits. The facts known to Defendants and California law are such that Defendants knew or, through the exercise of reasonable care and diligence should have known, that Allen is an insured under the Policy for purposes of the incident.

29.      Defendants' conduct was a substantial factor in causing harm to Allen, in that, among other things: Allen has suffered financial loss and emotional distress from the delay caused by Defendants' wrongful denial of his UIM claim; Allen has suffered emotional distress, upset, and worry from the fear that he would not be properly compensated for his injuries by his insurance company and may not be able to afford to pay medical bills or seek medical treatment for his injuries; emotional distress over being improperly deprived of compensation under the Policy for the pain and suffering he incurred as a result of his injuries from the incident; Allen has been obligated to retain and provide compensation to attorneys in order to pursue Defendants' tortious denial of his UIM claim, tortious denial of his demand for UIM benefits owed under the Policy, and tortious refusal to participate in a UIM arbitration regarding his damages from the incident. Allen has been damaged by Defendants' breach in an amount according to proof at trial, but in an amount equal to at least $300,000.

WHEREFORE, Plaintiff NORMAN SCOTT ALLEN prays for judgment as follows:

1.      For a judicial determination of the parties' rights and obligations under the Policy, and specifically, that Allen is an insured under the Policy for purposes of the incident and a UIM claim relating to the incident;

2.      For actual and compensatory damages in an amount to be proven at trial, including attorney's fees incurred as a result of the tortious denial of Policy benefits, in the approximate amount of $300,000.00;

///

///

///

- 7 -
COMPLAINT

**Exhibit A**
**Page 7 of 8**

1    3.    For costs of suit; and

2    4.    For such other and further relief as the Court may deem proper.

3    Dated: March 1, 2021                    WORTHINGTON LAW

4                                            By: ___*s/ Brian P. Worthington*___

5                                                 Brian P. Worthington, Esq.
                                                  Attorneys for Plaintiff
6                                                 NORMAN SCOTT ALLEN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -
COMPLAINT

**Exhibit A**
**Page 8 of 8**