1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   NORMAN SCOTT ALLEN,                    Case No.:   21cv569-LAB-DEB

12                          Plaintiff,      **ORDER:**

13   v.
                                            **(1) DENYING DEFENDANT'S**
14   GOVERNMENT EMPLOYEES                    **MOTION FOR SUMMARY**
     INSURANCE COMPANY, a                   **JUDGMENT OR PARTIAL**
15   Maryland corporation, and DOES         **SUMMARY JUDGMENT [Dkt. 20];**
16   1-20, inclusive,                       **AND**

17                          Defendants.     **(2) GRANTING PLAINTIFF'S**
18                                          **MOTION FOR PARTIAL SUMMARY**
                                            **JUDGMENT [Dkt. 21]**
19

20

21        Plaintiff Norman Scott Allen brings this insurance-coverage dispute against

22   Defendant Government Employees Insurance Company ("GEICO") for claims

23   stemming from GEICO's denial of coverage for an accident involving an insured

24   vehicle under an active GEICO policy. Allen alleges claims of declaratory relief and

25   breach of contract, arguing that he was listed as an "Active Driver" on the insurance

26   policy in question and should therefore have been covered for the bodily injuries

27   he sustained when he was struck by an underinsured motorist.

28        The parties each filed motions for summary judgment on the issue of whether

1   Allen qualifies for insurance coverage. (Dkt. 20, 21). The Court has read all
2   materials in support of and in opposition to the parties' respective motions for
3   summary judgment, and rules as follows.

4   **I.    UNDISPUTED MATERIAL FACTS**

5       In 2017, John Williams purchased a 2016 Toyota Corolla. (Dkt. 20-6, Joint
6   Statement of Undisputed Facts ("JSUF"), ¶ 20). GEICO issued Williams, whose
7   name is on the car title, a commercial auto insurance policy ("Policy") covering the
8   Corolla. (*Id*. ¶ 1). Williams is listed as the "Named Insured" on the Policy, which
9   provides "Uninsured Motorist" ("UM") and "Underinsured Motorist" ("UIM")
10  coverage of $100,000 per person. (*Id*. ¶ 18). The Policy states that GEICO will pay
11  all sums the "insured" is legally entitled to recover as compensatory damages from
12  the owner or driver of an "uninsured motor vehicle." (*Id*. ¶¶ 1–2). It defines "insured"
13  as the "Named Insured" on the Policy, any family members of the Named Insured
14  residing in the same household, or anyone else "occupying a covered 'auto.'"
15  (*Id*. ¶¶ 3–5). The term "occupying" is defined as "in, upon, getting in, on, out or off."
16  (*Id*. ¶ 6).

17      Williams's sister, Jan Miller, would later make monthly payments to Williams
18  to pay for the Corolla, with the idea that Williams would change the titled owner's
19  name to Miller's once she had paid off the car. (*Id*. ¶ 20).  At the time of the events
20  in question, Miller lived with her then-fiancé, Plaintiff Norman Allen, (*id*. ¶ 21), who
21  began to use the Corolla in the summer of 2018 because he was having trouble
22  with his own car, (*id*. ¶ 22). In August 2018, Allen was added to the Policy as an
23  "Active Driver" of the insured vehicle. (*Id*.). This was confirmed afterward when
24  Miller received a mail package from GEICO containing Policy information, with a
25  section within listing John Williams, Norman Allen, and Jan Miller as "Active
26  Drivers" on the Policy. (*Id*. ¶ 23).

27

28

21cv569

On December 11, 2018,[1] while the Policy was still in effect, Allen was driving the Corolla on Home Avenue in San Diego when he saw either (a) a person standing in the median drop a bag; or (b) a forgotten duffel bag fall from a car traveling in front of him. (*Id*. ¶¶ 9, 12). He pulled the car over, parked, got out of the car, and went into the roadway to retrieve the bag. (*Id*. ¶ 13). After he picked up the bag and was on his way to return it to the person who dropped it, Allen was struck by an underinsured motor vehicle driven by Lauro Martinez. (*Id*. ¶ 14). Allen was injured and sustained "bodily injury." (*Id*. ¶¶ 9, 24). Martinez's auto insurer later paid its full $15,000 liability limit to Allen to resolve all claims against Martinez for the accident. (*Id*. ¶ 24). Thereafter, Allen submitted a claim to GEICO for underinsured motorist benefits under the Policy. (*Id*. ¶ 25). GEICO denied it, claiming that for purposes of the incident in which he was injured, Allen is not an insured under the Policy. (*Id*.).

## II.   LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(a) where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there

---

[1] Curiously, the parties stipulate to both December 11, 2018, and October 15, 2018, as the date of the accident in question. (JSUF ¶¶ 9, 24). However, the Court notes that the evidence in the record repeatedly notes the date of injury as December 11, 2018. (*See* Dkt. 20-5 at 144, 158, 220). For purposes of this Order, the Court will refer to the date of the accident as December 11, 2018.

21cv569

is a genuine issue for trial." *Id.* at 324. The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

On summary judgment, the Court draws all reasonable factual inferences in favor of the non-movant. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* (citation omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 242. The Court does not make credibility determinations or weigh conflicting evidence. *Id.* at 255. Rather, the Court determines whether the record "presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

"[W]hen parties submit cross-motions for summary judgment, each motion must be considered on its own merits." *Fair Hous. Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (internal quotation marks and brackets omitted). In doing so, the Court must consider the evidence submitted in support of both motions before ruling on each of them. *Id.*

## III.   ANALYSIS

The crux of the parties' dispute concerns whether Allen's designation as an "Active Driver" entitles him to the same coverage as an "insured" driver under the Policy. Allen argues that "[t]here is no other possible purpose of identifying someone as an active driver on an auto policy if not to include him or her as an insured on the policy." (Dkt. 21-1 at 6). He contends that "all parties to the insurance policy—including GEICO—had the reasonable expectation that Allen is an insured." (*Id.*). GEICO, on the other hand, maintains that the "Active Driver" designation, while it "may be relevant to how much GEICO will charge for providing automobile insurance, [ ] is immaterial to status as an insured for purposes of

underinsured motorist coverage." (Dkt. 20-1 at 9).

Here, the Policy in effect on the date of the accident states that, "[i]f the Named Insured is designated in the Declarations as" an individual, then the following "insureds" are entitled to coverage for bodily injury caused by uninsured and underinsured motorists:

> **a.** The Named Insured and any "family members."
> **b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
> **c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."

(Dkt. 20-5, Ex. 1 at 119, ¶ B(1)). It defines "family member" as the Named Insured's spouse, and any other person related to the Named Insured by "blood, adoption, marriage or registered partnership" and "who is a resident of such Named Insured's household." (*Id*. at 122, ¶ F). The Policy lists John Williams as the "Named Insured." (Dkt. 20-5, Ex. 1 at 115). In a subsequent Declaration to the Policy, John Williams, Norman Allen, and Jan Miller are listed as "Active Drivers" of the only listed "Active Vehicle," the 2016 Toyota Corolla involved in the accident. (Dkt. 21-3 at 1). Nowhere in the Policy, however, is the term "Active Driver" defined, nor does the Policy explain coverage limitations applied to individuals designated as "Active Drivers." Likewise, the Policy never defines "Named Insured."

The interpretation of an insurance policy is a question of law. *Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 288 (2014). Generally, ordinary rules of contract interpretation apply to insurance contracts. *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1264 (1992). The fundamental goal of contractual interpretation is to give effect to "the mutual intention of the parties at the time the contract is formed." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995). To determine the intent of the parties behind an insurance contract, the Court "look[s] first to the language of the contract in order to ascertain its plain meaning," reading

21cv569

the language in its "ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Id*. (internal citations and quotation marks omitted). Language in an insurance contract "must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." *Id*. If the parties' intent cannot be determined by the plain meaning of disputed terms and the structure and context of the policy, the policy will be construed against the insurer, because "any reasonable doubt as to the intended meaning of [an ambiguous] term will be resolved against the insurance company and in favor of extending coverage to the insured." *Anderson Bros. v. St. Paul Fire & Marine Ins. Co.,* 729 F.3d 923, 931 (9th Cir. 2013); *see E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 32 Cal. 4th 465, 471 (2004) ("Any ambiguous terms are resolved in the insureds' favor, consistent with the insureds' reasonable expectations.") (internal citation and quotation marks omitted).

Considering the principles of contract interpretation, the Court finds that Allen qualifies for UM/UIM coverage. Here, the Policy is entirely silent as to the definition of both "Named Insured" and "Active Drivers," rendering those terms ambiguous as to what rights the insurer intended to ascribe to the additional drivers by listing them on the Declaration page. Instead, the Policy merely states that, "[i]f the Named Insured is designated in the Declarations as" an individual, then the "Named Insured" is entitled to UM/UIM coverage. (Dkt. 20-5, Ex. 1 at 119, ¶ B(1)). Although Williams is listed as a Named Insured, Allen is also a listed individual in a Declaration to the Policy. And while the Policy repeatedly refers to the term, "Named Insured," the term is not defined and the Policy doesn't distinguish between "Named Insured" and "Active Drivers." Given this ambiguity and because Allen is an individual designated in the Declaration, the Court construes the policy against the insurer and finds that Allen must reasonably be considered an insured. *See Minkler v. Safeco Ins. Co. of Am.*, 49 Cal. 4th 315, 321 (2010) ("Only if the[]

21cv569

rules [of general contract interpretation] do not resolve a claimed ambiguity do we resort to the rule that ambiguities are to be resolved against the insurer."); *see also Shaw v. GEICO Gen. Ins. Co.*, 813 F. App'x 343, 344 (9th Cir. 2020) (unpublished) ("The policy's failure to explicitly define the rights of Additional Drivers compounds this ambiguity. A reasonable person in [Plaintiff]'s position could expect to qualify as an insured; we must interpret the policy to protect that expectation.").

Even were the Court were to look beyond the plain language of the Policy, the statutory language of California Labor Code section 11580.2 supports the same interpretation. Section 11580.2, which governs UM/UIM coverage, defines "insured" persons as: (1) "the named insured and the spouse of the named insured and, while residents of the same household, relatives of either while occupants of a motor vehicle or otherwise," and (2) "any other person while in or upon or entering into or alighting from an insured motor vehicle." Cal. Lab. Code § 11580.2(b). The statute goes on to define "named insured" as "the individual or organization named in the declarations of the policy of motor vehicle bodily injury liability insurance." *Id*. In other words, an "insured" includes someone "named in the declarations."

The reasoning in *Lewis v. Gov't Emps. Ins. Co.*, 458 F. Supp. 3d 1214 (S.D. Cal. 2020) is instructive. There, the Court held that a pedestrian who was struck by a motorist qualified for coverage under the UM/UIM provisions of her parents' insurance policy regardless of whether she was a resident of her parents' household because she was listed as an "additional driver" in the policy's declaration page next to her parents' names. *Id*. at 1218–20. The court concluded that the California Labor Code defines "named insured" as one "named in the declarations" to the policy, and that neither California law nor the policy language required exclusion of additional drivers from UM/UIM coverage. *Id*. As in *Lewis*, the Court concludes here that, given the statute's definition of a "named insured" as someone "named in the declarations," Allen's designation on the declarations page signifies he is an insured and qualifies for coverage. *See id*. at 1218 ("Here,

the Policy makes no reference to 'Additional Drivers' other than when it names them in the declarations. . . . Plaintiff is someone 'named in the declarations,' and § 11580.2 provides no language that contradicts this conclusion.").

GEICO's citation to *Mercury Ins. Co. v. Pearson*, 169 Cal. App. 4th 1064 (2008), is inapt. (*See* Dkt. 24 at 4). In *Mercury*, the insurer issued an auto insurance policy naming Susan Hyung as the "named insured," while her fiancé, David Pearson, received coverage from the policy through a "Designated Person Endorsement," which listed Pearson as a "designated person." 169 Cal. App. 4th 1064, 1066–67 (2008). The policy provided third party coverage for the named insured and the designated individuals. *Id*. at 1067–69. However, subject to a number of exceptions, it provided UM coverage only for the named insured and the Endorsement language expressly limited the policy's coverage of the designated person, stating: "It is agreed the designated person(s) is a resident of the same household as the Named Insured, is not a relative, and is only provided coverage when operating or occupying a motor vehicle listed in the policy declarations." *Id*. at 1069. As the court recognized in *Lewis*, "*Mercury* involved a policy that expressly limited the plaintiff's coverage to when the plaintiff was operating or occupying a motor vehicle. In contrast, the Policy here does not involve any provision that expressly limits the coverage received by the 'Additional Drivers.'" *Lewis*, 458 F. Supp. 3d at 1220.

Because Allen qualifies for insurance coverage under the Policy, the Court doesn't reach the issue of whether he qualifies for coverage under an estoppel theory.

//
//
//
//
//

## IV.   CONCLUSION

The Court **GRANTS** Allen judgment as a matter of law. (Dkt. 21). He is an insured under the Policy and entitled to coverage in relation to the subject action. GEICO's motion for summary judgment is **DENIED**. (Dkt. 20). A pre-trial scheduling order will follow.

**IT IS SO ORDERED**.

Dated:  March 22, 2023

Honorable Larry Alan Burns
United States District Judge

21cv569